Not For Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AUDI AG; BENTLEY MOTORS LIMITED; AUTOMOBILI LAMBORGHINI S.P.A.; and VOLKSWAGON GROUP OF AMERICA, INC.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>POSH CLOTHING, LLC d/b/a CLUB FOREIGN, TRENDS SOCIETY, and TRENDSSOCIETY.COM; PASHA BORSUK; and NICKWON ARVINGER,<br><br>    *Defendants*. | Civil Action No. 18-14254<br><br>**ORDER**<br><br>&<br><br>**PERMANENT INJUNCTION** |

**John Michael Vazquez, U.S.D.J.**

For the reasons stated in the accompanying Opinion, and for good cause shown,

**IT IS** on this 2nd day of May 2019,

**ORDERED** that Plaintiffs' motion for default judgment pursuant to Rule 55(b)(2) (D.E. 13) is **GRANTED** as to Defendants Pasha Borsuk and Posh Clothing, LLC d/b/a Club Foreign, Trends Society, and trendssociety.com (collectively "Defendants" for purposes of this Order); and it is further

**ORDERED** that Defendants are hereby **PERMANENTLY ENJOINED** from

    (a) imitating, copying, or making unauthorized use of any of Plaintiffs' trademarks (collectively "Plaintiffs' Marks"), including but not limited to the following:

    (1) AUDI STYLIZED® (U.S. Reg. No. 1,416,583);

(2) AUDI RINGS® (U.S. Reg. No. 3,007,305);

(3) AUDI RINGS® (U.S. Reg. No. 2,987,328);

(4) AUDI SPORT® (U.S. Reg. No. 5,174,144);

(5) AUDI S® (U.S. Reg. No. 4,405,143);

(6) B IN WINGS® (U.S. Reg. No. 5,121,498);

(7) AUTOMOBILII LAMBORGHINI CHARGING BULL CREST® (U.S. Reg. No. 3,717,346);

or counterfeits thereof, or any confusingly similar variations thereof;

(b) importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any service or product using any simulation, reproduction, counterfeit, copy, or any confusingly similar variation of any of Plaintiffs' Marks;

(c) using any simulation, reproduction, counterfeit, copy, or confusingly similar variation of Plaintiffs' Marks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of any service or product;

(d) using any false designation of origin or false description, including without limitation, any letters or symbols constituting Plaintiffs' Marks or performing any act which can or is likely to lead members of the trade or public to believe that Defendants and/or any service or product manufactured, distributed, or sold by Defendants is in any manner associated or connected with Plaintiffs, or is sold, manufactured, licensed, sponsored, approved, or authorized by Plaintiffs;

(e) transferring, consigning, selling, shipping, or otherwise moving any goods, packaging, or other materials in Defendants' possession, custody, or control bearing a design or mark substantially similar to any or all of Plaintiffs' Marks;

(f) engaging in any other activity constituting unfair competition with Plaintiffs with respect to Plaintiffs' Marks, or constituting an infringement of any or all of Plaintiffs' Marks, or of Plaintiffs' rights in, or to use or exploit, any or all of Plaintiffs' Marks; and

(g) instructing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above; and it is further

**ORDERED** that Plaintiffs are awarded $3,000,000 in statutory damages pursuant to 15 U.S.C. § 1117(c)(2); and it is further

**ORDERED** that Plaintiffs are entitled to reasonable attorneys' fees and costs under 15 U.S.C. § 1117(a) and Plaintiffs' are granted leave to file a certification regarding the total amount of their attorneys' fees and costs within fourteen (14) days after the entry of this Order.

John Michael Vazquez, U.S.D.J.